# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>NELSON RIVAS,<br><br>                    Defendant. | Case No. 91-CR-217-1-JPS<br><br>**ORDER** |

On March 19, 2018, Defendant filed a motion to retroactively reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Docket #167). That statute allows a court to reduce a defendant's term of imprisonment when the applicable Sentencing Guidelines range is subsequently lowered by the Sentencing Commission. Guideline Amendment 782, promulgated in November 2014, lowered certain base offense levels associated with offenses related to various drug quantities. Defendant asserts that the Guidelines for his drug-related offenses were affected by Amendment 782, and thus he is entitled to a reduction in his sentence. (Docket #167).

Defendant is incorrect. Sentencing Commission policy dictates that a court may not reduce a defendant's sentence pursuant to Section 3582 if the cited amendment does not have the effect of lowering the defendant's Guideline range. U.S.S.G. § 1B1.10(a)(2)(B). The commentary to that provision notes that this situation arises when a defendant was sentenced to the statutory mandatory minimum term of imprisonment. *Id.*, Application Note (1)(A). In this case, Defendant was sentenced to life imprisonment (with other various concurrent and consecutive imprisonment terms). Due to various enhancements and his prior record of

drug convictions, this was the mandatory minimum sentence which the Court was obligated to impose. Defendant is not, therefore, entitled to a sentence reduction under Amendment 782.

Accordingly,

**IT IS ORDERED** that Defendant's motion for a sentence reduction (Docket #167) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge