# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

               Plaintiff,

v.

NELSON RIVAS,

               Defendant.

Case No. 91-CR-217-1-JPS

**ORDER**

## 1.   BACKGROUND

On September 18, 2020, Defendant filed a motion for compassionate release. (Docket #174). Federal Defender Services of Wisconsin, Inc. ("FDS") filed a supplemental brief in support of Defendant's motion on November 17, 2020. (Docket #182). The Government then informed the Court that it would not file a brief in opposition to Defendant's motion. (Docket #185). The Court has reviewed these submissions and will grant Defendant's motion for compassionate release.

## 2.   FACTS

In 1992, Defendant was found guilty at trial on a four-count indictment charging him with (1) conspiracy to possess with the intent to distribute in excess of five kilograms of cocaine, (2) possession with the intent to distribute approximately 875 grams of cocaine, (3) being a felon in possession of a firearm, and (4) knowingly carrying a firearm in relation to a drug trafficking crime. (Docket #184 at 5). The conduct underlying these convictions was part of a "cocaine distribution enterprise that brought multiple kilogram loads to the streets of Milwaukee on a monthly basis during 1989, 1990, and 1991." (*Id.* at 6).

At the time he was convicted, the two drug charges, brought under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B), carried ten-year and five-year mandatory minimum prison terms. (Docket #182 at 2–3). The gun charges were brought under 18 U.S.C. § 922(g) and § 924(c), with the latter carrying a five-year consecutive mandatory minimum. (*Id.*) However, because of Defendant's "career offender" status and prior drug charges, his convictions had an increased required sentence totaling life in prison. (*Id.* at 3). He was formally sentenced to life in prison, plus five years. (*Id.* at 4). Defendant has been incarcerated for nearly 30 years. (*Id.* at 1).

While incarcerated, Defendant has completed a significant amount of coursework. (*Id.* at 6). His progress report verifies that he has completed work-skills programs like forklift-driver certification courses, graphic-arts classes, and a "resident reentry based program" where inmates take "a curriculum of courses designed to aid in preparation for release." (*Id.*) He has also passed the West Virginia State Electrical Examination. (*Id.* at 6–7). He presently works as an orderly at his current facility, and he previously worked at a UNICOR furniture factory. (*Id.* at 7). He has three incident reports: (1) having a small amount of marijuana, (2) possessing a metal object, and (3) having too many stamps. (*Id.*)

At 57 years old, Defendant has started to develop age-related health problems, including joint pain, persistent hemorrhoids, and dental problems. (*Id.* at 9). If released, Defendant would like to live with his brother in Texas and work at his brother's concrete business. (*Id.* at 11); (Docket #187-1).

3.      **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights

to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons" may include certain medical conditions, age, family circumstances, and "other reasons." U.S.S.G. § 1B1.13 n.1. "Other reasons" could be any "extraordinary and

compelling reason other than, or in combination with," medical conditions, age, or family circumstances. *Id.*

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2). Finally, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

### 4.    ANALYSIS

First, Defendant submitted a compassionate release request last year, which his warden denied on October 8, 2020. (Docket #184-6). Since more than 30 days have lapsed since October 8, 2020, Defendant has exhausted his administrative rights. The Court next determines whether Defendant has an extraordinary and compelling reason warranting his release.

Significant changes to sentencing laws may constitute extraordinary and compelling circumstances warranting release. *See, e.g.*, *United States v. Brown*, No. 06-CR-327, 2020 WL 7401617, at *5 (E.D. Wis. Dec. 17, 2020) ("numerous courts have concluded that defendants sentenced to life under the old version of § 841(b)(1)(A) may qualify for relief based on a gross disparity with the sentence they would face today"); *United States v. Clark*, No. 11-CR-30-2-JPS, 2020 WL 4260824, at *3 (E.D. Wis. July 23, 2020) ("[T]his Court finds that it is not precluded from assessing whether [a] significant

change in statute, alone or in combination with other factors, warrants a reduction in sentence."); *United States v. Day*, 474 F. Supp. 3d 790, 807 (E.D. Va. 2020) (holding that the First Step Act's changes to § 841(b)(1)(A) "are extraordinary and compelling developments that constitute extraordinary and compelling reasons justifying a reduction in [a] [d]efendant's [l]ife sentence").

In Defendant's case, the legal landscape has changed in two important ways. First, the First Step Act amended 21 U.S.C. § 841(b)(1)(A) to no longer require mandatory life sentences where a defendant has two prior controlled-substance convictions. *See* 21 U.S.C. § 841(b)(1)(A) (2020). Instead, the mandatory minimum in such cases is now 25 years. *Id.* ("If any person commits a violation of this subparagraph . . . after 2 or more prior convictions for a serious drug felony or serious violent felony have become final, such person shall be sentenced to a term of imprisonment of not less than 25 years."). This means that if Defendant were sentenced today, considering his prior convictions, he would not have received a mandatory life sentence. Second, since Defendant's conviction, the Supreme Court has decided that the Sentencing Guidelines are advisory, not mandatory. *United States v. Booker*, 543 U.S. 220 (2005); *see also United States v. Parker*, 461 F. Supp. 3d 966, 980–81 (C.D. Cal. 2020) (citing *Booker* as a basis for "extraordinary and compelling" circumstances).

The Court will entertain these changes in sentencing law as possible extraordinary and compelling circumstances and consider what sentence Defendant would receive if convicted today. *See, e.g., Brown*, 2020 WL 7401617, at *5 (comparing defendant's actual sentence to the one he would have received if sentenced under the current law). Assuming that the government still would opt to file a sentencing enhancement, the

mandatory minimum on Count One would be 25 years, not life. The mandatory minimum on Count Two would still be ten years, but that sentence could be run concurrently to the sentence for Count One. Count Three has no mandatory minimum, and the minimum on Count Four (the 924(c) possession charge), would stay at five. Thus, Defendant would be facing a mandatory, statutory minimum of 30 years—not life. And, since the guidelines are now advisory, a court could give that exact sentence.

Defendant has been in prison for over 29 years. And while he has lost some good time credit, it amounts to less than three months. By counsel's estimation, even accounting for his lost credit, Defendant has earned more than 49 months' worth of good time credit. (Docket #182 at 18). This means that he has served the equivalent of a 33-year federal sentence. In light of the forgoing, the Court finds that there is an extraordinary and compelling reason warranting Defendant's release.

But the analysis does not end there; the Court must also consider whether Defendant is a danger to any other person or the community, pursuant to § 3142(g), and whether the § 3553(a) factors militate against his release. The most "violent" offense linked to Defendant is a burglary he committed in 1981 when he was 18 for which he got one year of probation. (Docket #184 at 10–14). His other charges are for drug crimes, including possession and possession with intent to deliver. (*Id.*) As to the crime underlying his present sentence, though it was serious, it was nonviolent. Defendant has been thoroughly punished for his crime. He has lived approximately three decades of his adult life incarcerated. As discussed above, though he received a life sentence, Congress since has determined that three decades of incarceration may serve as adequate punishment and deterrence for Defendant's crime. Defendant has mostly followed the rules

while in prison, and he will be under continued supervision upon his release. The Court believes that Defendant's fear of returning to prison also will serve as significant deterrence for renewed criminal activity.

**5.   CONCLUSION**

Defendant has exhausted his administrative remedies and also proffered an extraordinary and compelling reason warranting his release. Further, the Court has determined that the § 3553(a) factors favor Defendant's release. Therefore, the Court will grant Defendant's motion for compassionate release, (Docket #174). It will also grant Defendant's motion to seal, (Docket #183).

**IT IS ORDERED** that Defendant Nelson Rivas's motion for compassionate release (Docket #174) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Nelson Rivas's sentence be and the same is hereby reduced to "time served";

**IT IS FURTHER ORDERED** that this Order is **STAYED for up to fourteen (14) days** in order to complete any of the following, as may become appropriate and necessary: make appropriate travel arrangements, verify a residence, and establish a release plan. If these items have already been addressed, then Defendant must be released promptly. If more than fourteen days are needed to make appropriate travel arrangements, verify a residence, or establish a release plan, the parties shall immediately notify the Court and show cause why the deadline should be extended;

**IT IS FURTHER ORDERED** that the Bureau of Prisons take all steps necessary to release Defendant Nelson Rivas from incarceration in accordance with this Order and pursuant to the amended judgment, which follows; and

**IT IS FURTHER ORDERED** that Defendant Nelson Rivas's motion to seal (Docket #183) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 26th day of January, 2021.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge